424 S.E.2d 751

**Robert Carl CRAIN, et al., Petitioners Below, Appellants,**

v.

**Donald E. BORDENKIRCHER, Warden, West Virginia Penitentiary, et al., Respondents Below, Appellees.**

**No. 16646.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 4, 1992.

Decided Dec. 11, 1992.

James F. Companion, Schrader, Byrd, Byrum & Companion, Barbara L. Baxter, W.Va. Legal Services Plan, Inc., Wheeling, for appellants.

Rita A. Stuart, Sp. Asst. Atty. Gen., W.Va. Dept. of Corrections, Charleston, for appellees.

PER CURIAM.

On November 4, 1992, this Court heard a status report concerning the construction of and transition to the new penitentiary at Mount Olive, as ordered by this Court in *Crain v. Bordenkircher*, 180 W.Va. 246, 376 S.E.2d 140 (1988) (*Crain III*). This status report was accompanied by a document entitled "Mount Olive Operational Procedures," which provides administrative

guidelines governing fiscal, personnel, inmate, and other aspects of prison management.[1] It appears that this operational procedures plan is approximately 70 percent complete. The respondents assert, however, that completion of the operational procedures, which represents Phase I of the overall plan of readiness for the opening of the Mount Olive facility, is scheduled for January 1993. The respondents have also submitted a proposed budget for funding the operation of the penitentiary.[2] In their response, the petitioners object to various aspects of the proposed operational procedures as either incomplete or contrary to established law or previous court orders.

The Special Master appointed by this Court has reviewed the operational procedures plan and has found those portions submitted to this Court acceptable. He has also found that although the plan is not complete, the respondents are making "a sound and serious effort" to comply with the mandates of this Court with regard to the Mount Olive facility. The Special Master is of the opinion that many, if not all, of the petitioners' objections to the operational procedures plan can be resolved through informal discussions with the Commissioner of Corrections and his staff prior to the projected completion date of Phase I in January 1993. Finally, the Special Master has found the proposed budget adequate to fund the operation of the Mount Olive facility.

■ In the ongoing process of supervising the respondents' efforts with regard to the new penitentiary, we have repeatedly relied on Syllabus Point 2 of *Crain III:*

"This Court has a duty to take such actions as are necessary to protect and guard the Constitution of the United States and the Constitution of the State of West Virginia."

■ We find the respondents' recent filing with this Court of the operational information requested to be acceptable. The Special Master substantially approved the operational procedures plan and found good reason to afford the respondents more time to complete it. We conclude, therefore, that the respondents should be allowed to complete the operational procedures in accordance with their proposed schedule which contemplates that Phase I will be finished in January, 1993.

---

1. The Index to the operational procedures plan lists the following areas in which guidelines are provided:
   "Section 1—Fiscal Management
   "Section 2—Personnel Administration
   "Section 3—Administrative Information and Research
   "Section 4—Records Management
   "Section 5—Physical Plant
   "Section 6—Safety and Emergency Procedures
   "Section 7—Security and Control
   "Section 8—Special Management Inmates
   "Section 9—Food Service
   "Section 10—Sanitation and Hygiene
   "Section 11—Health Care
   "Section 12—Inmate Rights
   "Section 13—Inmate Rules and Discipline
   "Section 14—Inmate Reception
   "Section 15—Inmate Classification
   "Section 16—Inmate Release Programming
   "Section 17—Law Library
   "Section 18—Academic and Vocational Education
   "Section 19—Recreation
   "Section 20—Religious Programming
   "Section 21—Social Services
   "Section 22—Citizen Involvement and Volunteers"

2. In the opinion issued following the last status report hearing on June 2, 1992, we ordered the respondents to submit the following information:
   "[T]he number and location of the State inmates held in county jails, the costs and reimbursement for such inmates, and the proposed budget for reimbursement from the Division of Corrections. The status report should also include information of the construction of additional facilities for the housing of State inmates and other strategies to reduce the number of inmates held in county facilities." *Crain v. Bordenkircher,* 187 W.Va. 596, 600, 420 S.E.2d 732, 736 (1992).
   The need for this information has been obviated by our subsequent decision in *State ex rel. Smith v. Skaff,* 187 W.Va. 651, 655, 420 S.E.2d 922, 926 (1992), wherein we ordered the Division of Corrections "to develop a plan within the next six months to provide some temporary arrangement to meet its obligation to house and detain all those lawfully sentenced to a state penal facility until such time as the new prison is completed." This plan is due on January 25, 1993.

Consequently, we direct the respondents to submit the completed operational procedures plan to the Special Master and petitioners' counsel by March 1, 1993, and we set this matter for further hearing before this Court on May 4, 1993. Prior to such hearing, we expect the parties to have discussed any objections to the plan in consultation with our Special Master so that any unresolved objections may be brought to the attention of this Court.

Relief directed and hearing scheduled.